UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLINTON D. PEDERSON,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant;<br><br>　*and*<br><br>LEANNE MCGILL<br><br>　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NOS. 3:18-cv-05988-RJB<br><br><br><br><br><br><br><br>AND 3:18-CV-5338-RJB<br><br><br>ORDER GRANTING PLAINTIFF CLINTON PEDERSON'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Clinton Pederson's Motion for Summary Judgment on Special Damages and Dismissal of Affirmative Defenses. Dkt. 39. The Court has reviewed the pleadings filed regarding the motion and is fully advised.

ORDER GRANTING PLAINTIFF CLINTON PEDERSON'S MOTION FOR SUMMARY JUDGMENT - 1

This case arises from a motor vehicle collision which occurred when Jose Caywood, an employee of the United States, Department of the Interior and the Bureau of Indian Affairs, hit Plaintiff Clinton Pederson's vehicle, that, in turn, hit Plaintiff Leanne McGill's vehicle on State Route 12. Dkt. 1. Plaintiff Pederson now moves for partial summary judgment. Dkt. 39. For the reasons provided below, the motion (Dkt. 39) should be granted.

### A. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect.*

*Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B. PLAINTIFF PEDERSON'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiff Pederson now moves for partial summary judgment arguing that: (1) the United States is liable for the negligent conduct of its employee, Jose Caywood, and is at fault for the collision, (2) Plaintiff Pederson's past medical damages, in the amount of $3,010.90, are reasonable and causally related to the collision, (3) all six affirmative defenses asserted against Plaintiff Pederson should be dismissed: failure to mitigate, lack of proximate cause, contributory negligence, third parties at fault, pre-existing conditions, and compliance with duty of care. Dkt. 39. The government responds and indicates that it does not oppose the motion. Dkt. 46.

Plaintiff Pederson's motion (Dkt. 39) has merit and should be granted. The United States is liable for the negligence of its employee, Jose Caywood, and is at fault for the collision. Plaintiff Pederson's medical damages of $3010.90 are reasonable and related to the collision. The United States' affirmative defenses, asserted against Plaintiff Pederson, are dismissed.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of August, 2019.

ROBERT J. BRYAN
United States District Judge